Welch, J.
We think the verdict in this ease is against the evidence, and can only be accounted for on the theory of prejudice, or misconception of the law, on the part of the jury. Both parties to the transaction were represented by agents — the railroad company by its brakeman and engineer, and the father of the girl by the elder sister who had her in charge — and both were responsible for the acts or omissions of their respective agents. What a party does by his agent he does himself, and the case stands no otherwise than it would have stood, had the father himself been present, taking charge of the child. In order to render the principal accountable for the acts or omissions of his agent, it is by no means necessary to show the in *676 competency of the agent, or that the principal was at fault in his selection and appointment. However competent the agent, and however careful and prudent the principal may be in his selection and appointment, the agent acts at the peril of the principal, who stands accountable in law for all the agent’s acts and omissions. This is a well-settled principle of law, and there is no good reason why it should not be' applicable to both parties alike in the present case.
The degree of care and caution required by the law to be exercised by either party is the same — namely, “ ordinary ” care and caution. It is denominated “ ordinary,” in the sense that it is such as persons of ordinary care and caution usually observe under like circumstances ; and it is sometimes denominated the “ highest” degree of care and caution, in the sense that persons of ordinary care and caution usually observe their highest degree of care and caution under such circumstances; that is, where human life is in peril. It is “ ordinary” care and caution, with reference to the class of persons who exercise it, but it is'the “highest” degree of care and caution with reference to the circumstances under which it is to be exercised.
If this be the law of the case, we fail to see on what ground the finding of the jury can be sustained. Both parties were at fault, and the fault of each directly contributed to the accident. Had either party exhibited that care and caution which the exigencies and perils of the situation demanded, and which persons of ordinary prudence usually exhibit under such circumstances, the calamity would evidently have been averted. Had the brakeman kept his eyes upon the track, and refused to be diverted for the moment by the passing express train, the accident would have been avoided, notwithstanding the carelessness of the elder sister; and had she observed a similar precaution, the carelessness of the brakeman alone would have been harmless. It required the carelessness of both to produce the- unfortunate result. The situation of both called for the highest degree of caution and care, for the reason that *677 human life might be imperiled by the slightest relaxation ■or forgetfulness, and such is the degree of circumspection and caution which persous of ordinary prudence usually exercise under like circumstances. It is no answer to this view of the case to say, that the elder sister was a fit person to take charge of the child, and that her omission of care, under the circumstances, was no more than might be expected sometimes to happen with prudent persons. The reply is, that it is true the most prudent and careful of per.sons sometimes lapse, and become derelict to duty. All of us are liable so to lapse ; but when we do so lapse, we, and those for whom we act as agents, are responsible for the consequences. In such cases it is in vain that we plead our :good character, our correct habits, or our general fitness for the situation. I think it can not be too strongly impressed upon the public mind, that in cases of the kind in question, involving imminent danger to life, a very high degree of caution and care should be exercised by both parties. The care and caution of those in charge of the train should be such as to anticipate and provide against the possible carelessness of persons upon the track, and the care and caution ■of the latter should be such as to anticipate and provide against the possible carelessness of the employes of the company. The care required of each should thus, as it were, be made to overlap each other. This should be required, because human life is at stake, and the degree of care should be in proportion to the value of human life. ~We have no hesitation in saying that the elder sister, who had the plaintiff’s child in charge at the unfortunate moment when needed, failed to exhibit the care and caution which persons of ordinary prudence usually exhibit under •such circumstances. It is the duty of a person approaching, crossing, or standing upon a railroad track where cars are being run, to look out for approaching trains, and if he fails to do so, he is, prima facie, guilty of such negligence as will prevent his recovery for injuries occasioned, to him while so crossing, or standing upon the track, by the mere *678 carelessness, negligence, or unskillfulness of the employes of the company not amounting to willfulness on their part. And this presumption of negligence can only be rebutted by facts or circumstances which show that it was not reasonably practicable to make or keep such lookout, or which would ordinarily induce persons of common prudence and. circumspection to omit that precaution. It is quite evident to us that the conduct of the elder girl, who had the child in charge, did not conform to these requirements of the law.
While we think the court erred in refusing a new trial, on the ground that the verdict is against the evidence, we see no error in its refusal to give the instructions asked. To give the instructions asked would have been, to a great extent, taking the case from the jury, by assuming the existence of material facts in the case. The court could not say to the jury that the failure of the girls to look in the direction of the gravel train, when approaching or standing-upon the track, was carelessness such as should prevent a recovery, without assuming the existence of material facts in the case which it was for the jury to find. The instructions asked assume the agency of the elder sister, and assume the non-existence of any facts or circumstances rendering it prudent or proper for her to omit looking out.. These were matters for the jury, and could not be found or assumed by the court, no matter how plainly they might have been proven. Had the instructions been asked in the-hypothetical form, to the effect that if the jury should find the facts to be so and so, then the plaintiff could not recover, the question presented might have been different. The instructions asked were not put in that form, but in a form requiring the court to assume some of the material-facts. The question of negligence in such cases is a mixed question of law and fact, to be decided by the jury under the instructions of the court.
Judgment reversed and cause remanded for further proceedings.
*679 Mg€lvaine and Stone,* JJ., concurring.
White, J.
I do not concur in the reversal of the judgment.
1. The children were crossing the railroad tracks at the place where the public were accustomed to cross. The fact that the train which caused the injury went north, as the children were about to cross, was calculated to put them off their guard, and lead them to apprehend no danger from that train. The sudden return of the train, moving in the opposite direction, without warning, while they were thus off their guard, took them unawares.
Whether the children, while their attention was attracted by the express train coming from the south, and they were stopping for it to pass, were, under the particular circumstances, guilty of contributory negligence, was a question of fact for the jury. Having been submitted to the jury, and determined by them under proper instructions, I see no sufficient ground to warrant the interference of this court.
2. If there was no negligence on the part of the, father in trusting the child receiving the injury to the custody of her older sister* the question as to whether the latter was guilty of negligence in taking care of the child, is to be determined by ascertaining whether she exercised due care for one of her age. The question of her negligence is to be determined upon the actual facts, and not by an artificial standard based on an assumption as to what would have been ordinary care on the part of a person of greater age and experience, or of the father, if he had been in personal charge of the child.
Negligence can only arise where there is a failure to perform some duty in respect to the transaction in question. In the present case, if the father was guilty of no breach *680 of duty in sending the child to school in charge of the older daughter, and the latter, under the actual circumstances, was chargeable .with no fault, negligence can be imputed to neither.
Day, C. J., dissented on the same grounds.

This case was decided at the December Term, 1873, while Stone, J., was upon the bench. — Bep.